IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,462-01






EX PARTE NATHANIEL D. LOLLIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 21,530 IN THE 336TH DISTRICT COURT


FROM FANNIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child
causing serious bodily injury and sentenced to ninety-nine years' imprisonment. The Texarkana
Court of Appeals affirmed his conviction. Lollis v. State, 232 S.W.3d 803 (Tex. App.-Texarkana
2007, pet. ref'd). 

 Applicant contends that his trial counsel rendered ineffective assistance because he did not
investigate the credentials of a nurse claiming to be a certified sexual assault nurse examiner and did
not discover that the certification had lapsed, despite her testimony to the contrary. 


 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent.
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether Carolyn Ridling was a registered
nurse and a certified sexual assault nurse examiner when she examined the complainant and testified
at the punishment phase of Applicant's criminal trial. If she was not a registered nurse or certified
as a sexual assault nurse examiner when she testified, the trial court shall make findings of fact and
conclusions of law as to whether she misrepresented her credentials in any reports introduced into
evidence at trial and whether she testified falsely about her credentials. Applicant alleges that trial
counsel was "on notice" that Ridling had lost her certification by the time of trial. If the trial court
finds that Ridling misrepresented her professional credentials at trial, the trial court shall make
specific findings of fact as to whether trial counsel was "on notice" of these issues and what steps,
if any, trial counsel took to investigate the status of Ridling's certifications and credentials. The trial
court shall then make specific findings of fact and conclusions of law as to whether Ridling's
testimony or report provided evidence of crimes, wrongs, or bad acts other than the indicted offense,
and, if so, whether there were other sources of that evidence. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 18, 2009

Do not publish